[No. 5195.]
[No. 2805 C. A.]

LEWIS v. HELM ET AL.

1. **Attorney and Client—Duties and Liabilities of Attorney.**

The highest degree of fairness and good faith is required from an attorney, and the courts will closely scrutinize the dealings between attorneys and their clients, and will relieve the

latter from any undue consequences resulting from them whenever the good faith of the contract does not clearly appear.—P. 23.

**2.  Same—Evidence.**

In an action by a client against her attorneys on the ground that they had wrongfully withheld certain moneys collected by them on a compromise judgment, evidence reviewed, and held that the client had freely and voluntarily consented to the compromise.—P. 24.

**3.  Practice in Civil Actions—Case Rested—Offer of Additional Evidence.**

Plaintiff first called the defendants as her witnesses, for cross-examination, but did not testify herself.  After defendants had offered all of their testimony, she rested her case; but, while the court was announcing the judgment and commenting on plaintiff's failure to contradict the evidence of defendants, she offered to testify in her own behalf.  Held, that there was no error in refusing to allow her to do so.—P. 25.

*Appeal from the District Court of El Paso County. Hon. Louis W. Cunningham, Judge.*

Action by Nellie Lewis against J. C. Helm, W. D'A. Lombard and J. Reid Crowell.  From a judgment in favor of defendants, plaintiff appeals.

Department No. 1.                    *Affirmed.*

Mr. JOHN W. SLEEPER and Mr. D. F. CARPENTER, for appellant.

Mr. JOHN R. DIXON, for appellees.

Opinion *per Curiam:*

The plaintiff (appellant here) brought suit in the district court of El Paso county, and alleged in her complaint that the defendants were employed by her as attorneys in a certain cause then pending in this court, entitled "Sam Strong, appellant, v. Nellie Lewis, appellee"; that the defendants then and there agreed to conduct said cause and accept as compensation for their services one-third of whatever sum might be realized out of said cause; that thereafter, on or about the 27th day of September, 1901, said

defendants, as her attorneys, received in settlement of said cause the sum of twenty-four thousand dollars; that on or about the third day of October, 1901, she demanded of them the sum of sixteen thousand dollars, and that they refused to pay the same, or any part thereof, except the sum of twelve thousand dollars, and wrongfully withheld and still withhold from said plaintiff the sum of four thousand dollars, praying judgment against them for the sum of four thousand dollars, with interest from the third day of October, 1901.

The defendants Crowell and Lombard answered denying the indebtedness to the plaintiff, and stated that on October 3, 1901, the plaintiff assented to a modification of the agreement, by the terms of which the defendants should retain the sum of twelve thousand dollars for their services, and that said sum was retained with the full knowledge and consent of the plaintiff.

The defendant Helm, in his answer, states that he negotiated the settlement between the parties to the suit pending in this court; that the settlement was made with the full knowledge and consent of the plaintiff, and he received the check for the said sum of twenty-four thousand dollars and entered satisfaction of the judgment which the plaintiff had obtained, in the cause which was then pending on appeal in the supreme court; that immediately upon the receipt of the said sum of twenty-four thousand dollars, he paid to plaintiff the sum of twelve thousand dollars, which the plaintiff received without protest, and for which she then and there acknowledged in writing full satisfaction and payment of her interest in said judgment; and that, under her direction and pursuant to her instructions, and with her full knowledge, consent and acquiescence, he paid to the defendant Crowell the sum of five thousand

seven hundred and fifty dollars, and to John W. Sleeper the sum of two hundred and fifty dollars, and to W. D'A. Lombard the sum of three thousand dollars, and retained the sum of three thousand dollars for himself.

In the replication the plaintiff denies that she voluntarily, or at all, agreed to accept the sum of twelve thousand dollars in satisfaction of her claim and interest in the premises, or that she agreed to the distribution of the proceeds of said settlement as stated in the defendants' answer; and she states that the said defendants threatened that if she did not accept the sum of twelve thousand dollars and sign such receipts and papers as defendants prepared, they would prevent her from obtaining any money whatever; and, fearing that defendants would carry out said threat, she took said sum of twelve thousand dollars, and signed, against her will, whatever papers defendants required her to sign, and for no other reason whatever.

The plaintiff, upon the trial, produced the defendants as witnesses and examined them at length, and then rested her case. The defendants then testified in their own behalf, and rested. The plaintiff offered no testimony in rebuttal, but, as the court was reading his opinion and was commenting upon the fact that the plaintiff had failed to testify in rebuttal, then offered to testify in her own behalf, which offer the court refused, and instructed the jury to return a verdict in favor of the defendants. The plaintiff appealed to the court of appeals, and she assigns as error the action of the court in rendering judgment against her, in instructing the jury to return a verdict against her, in refusing to give certain instructions, and in denying her application for leave to testify in rebuttal.

The testimony shows that the defendant Crowell

had been chief counsel for the plaintiff in a suit brought by her against one Sam Strong, and that she, in that proceeding, obtained a judgment in the sum of fifty thousand dollars, and that Strong appealed from said judgment to the supreme court; that after the judgment was obtained and the cause was pending in the supreme court she assigned to Crowell thirty-three and one-third per cent. of the judgment, "or any settlement thereof that may be agreed upon by the parties to said suit and by said attorneys in final settlement of the same." Thereafter Crowell assigned to J. C. Helm and to W. D'A. Lombard the sum of four thousand dollars each from the amount specified in the assignment. Prior to this time, Crowell had employed the defendant Helm to conduct the case in the supreme court, and Helm had written the briefs in this court and had prepared for oral argument, and for such services he received an assignment of a portion of the judgment from Crowell. Lombard had performed services, and for such services Crowell assigned to him a portion of the judgment. While the case was pending in this court, Strong died, and his widow, who had been appointed administratrix of his estate, was substituted. Thereafter, negotiations between the administratrix, represented by her attorney, Martin, and the plaintiff here, represented by Judge Helm, were entered into which resulted in a settlement of the judgment which, the testimony clearly shows, was satisfactory to all parties.

It appears from the testimony that the defendant Crowell refused to consent to the satisfaction of the judgment for twenty-four thousand dollars unless he should receive the sum of six thousand dollars; and it was finally agreed between the plaintiff and the defendants that the settlement should be made for twenty-four thousand dollars and that

of that amount the plaintiff should receive twelve thousand dollars, Crowell should receive six thousand dollars, and the defendants Helm and Lombard the sum of three thousand each. The testimony abundantly establishes the fact that this settlement was voluntarily entered into between the plaintiff and her attorneys, and there is no basis whatever for her claim that her attorneys threatened to prevent a settlement of the cause or to so manage the suit that she would not receive a cent. The trial court found that, although the action was brought charging the defendants with fraud in procuring a settlement with her, that she had abandoned that cause upon the trial. The plaintiff had assigned to Crowell thirty-three and one-third per cent. of the judgment; Crowell had assigned eight thousand dollars thereof to the defendants Helm and Lombard. If a settlement were made upon the basis of twenty-four thousand dollars, it is very evident that Crowell would not receive a cent for his services. The plaintiff had agreed that the cause should not be settled without Crowell's concurrence; and when he refused to compromise except upon a basis that would entitle him to six thousand dollars, he did nothing more than his contract permitted. The defendants Helm and Lombard, having entered into a contract with Crowell, and having been assigned eight thousand dollars of the judgment, were required, because of Crowell's refusal to agree to the compromise, to make some concession on their part, and so they consented to accept in full for their services and of their assignment the sum of six thousand dollars, being two thousand dollars less than the amount they had contracted to receive, and the plaintiff agreed that she would bear as her share of the amount Crowell demanded the sum of four thousand dollars.

The defendant Helm testifies that he advised the

settlement on the basis of twenty-four thousand dollars, and that he stated to the plaintiff that serious doubts existed as to whether the judgment survived or abated, and that if the judgment was reversed it was doubtful if a judgment in a similar amount could be recovered. The witnesses testify that Crowell did not seem to have doubts as to the survival of the judgment, and said that unless he received six thousand dollars he would take his chances in the supreme court.

On the 3rd day of October, 1901, the plaintiff executed the following receipt: "Received of J. C. Helm the sum of twelve thousand dollars ($12,000); the same being amount in full from satisfaction of the judgment of Nellie Lewis vs. Samuel Strong, recently pending in the supreme court of Colorado, but this day compromised and settled."

Checks were introduced showing that the defendant Helm had paid out all of the sum of twenty-four thousand dollars except the sum of three thousand dollars, which he retained; and the record contains the receipts of the various persons to whom he paid the money.

Counsel claim that it was the duty of the defendants to advise the plaintiff of every material matter connected with the compromise, and that they are required to fully disclose to the court every detail of the transaction between them and their client. That as to any arrangement made different from that originally entered into it will be presumed to be invalid and the court will presume that a gift from the plaintiff to the defendants was not made. Authorities are cited holding that the highest degree of fairness and good faith is required from an attorney, and that the courts will closely and jealously scrutinize the dealings between attorneys and their clients, and will relieve the latter from any undue

consequences resulting from them whenever the good faith of the contract does not clearly appear. The law is as the authorities cited by counsel disclose it to be, but we find nothing in the testimony which would warrant us in reversing the judgment. The witnesses produced testified that this woman agreed voluntarily to the settlement and that she consented that the defendants should receive the sum of twelve thousand dollars for their services. The transaction between her and her attorneys appears to have been entirely satisfactory to her, and we cannot find in the record any evidence of deception or fraud or misconduct on the part of her attorneys. On the contrary, the dealings with the plaintiff appear to have been fair and open, without deception or concealment of any material fact.

The only semblance of a threat shown by the testimony is the refusal of the defendant Crowell to agree to the compromise. Inasmuch as the plaintiff had agreed that the judgment should not be satisfied without Crowell's consent, his refusal to accept less than one-third of the amount of the judgment cannot be regarded as a threat. If the defendant Crowell threatened the plaintiff, it was not in the presence of any witness produced, and the plaintiff rested her case without the slightest proof that she was induced to make a settlement because of a threat. As to the other defendants, there is absolutely no testimony that they threatened the plaintiff. On the other hand, they accepted two thousand dollars less than their interest in the judgment, in order to effect a compromise. She at first refused to make the settlement upon the basis of twelve thousand dollars for her attorneys. She was willing that the defendants Helm and Lombard should each receive three thousand dollars, but was unwilling that Crowell should receive six thousand, and she left Judge Helm's

office, where the negotiations were being conducted, announcing that she would not consent to the settlement. A few hours afterwards she returned-stating that upon reflection she had concluded to accept twelve thousand dollars as her share of the judgment, and she then signed and acknowledged the stipulation, signed the receipt copied herein, and saw Judge Helm give checks to the others interested, and directed him to retain two hundred and fifty dollars from Crowell's share to be paid to the attorney who appears for her in this cause. Two or three months afterwards she called upon Judge Helm for advice with reference to other matters and thanked him for his services in making the settlement, expressed her satisfaction with it, and told him how she had invested some of the money. She engaged Lombard, after the settlement was made, to look after some of her affairs, and on several occasions expressed to him her gratification that the litigation was ended. And we fully agree with the trial judge in his statement that "plaintiff consented to a modification of the original agreement at the time of the settlement, if human evidence, human action and human experience can establish anything."

We do not think the court abused his discretion in refusing to permit the plaintiff to testify. She had first called the defendants as her witnesses, for cross-examination. She did not testify for herself then. After the defendants had offered all their testimony she rested her case, and it was not until after the court was announcing his judgment that she offered to testify. At what particular point counsel interrupted the court for the purpose of offering the plaintiff as a witness does not appear, but one of the first sentences uttered by the court in rendering his opinion is: "Why the plaintiff was not put upon the witness-stand to contradict the state-

ments of the two defendants, Lombard and Helm, the only two witnesses sworn by either side, is to me an impenetrable mystery. It cannot be explained on account of her inexperience or imbecility; but there must have been some good and sufficient reason for the course. Plaintiff permitted her attorney to file and swear to the most serious charges in this case, which have absolutely no place in this record other than to permit the introduction of proof in support thereof, and then on the trial she abandons these charges, relying entirely on a question of law.''

We have no doubt that it was while the court was thus criticising the plaintiff for her failure to be sworn that she offered to testify. Litigants cannot speculate in this way with the courts, cannot wait until after they learn what the judgment of the court is to be and then supply proof that in the opinion of the court is necessary to make out a case; and we should not, and we do not, regard the court's action in refusing to permit the plaintiff to testify at the time she offered to go upon the stand, as an abuse of discretion.

The court, after hearing the testimony and the arguments of counsel, found, in quite a lengthy opinion, that the plaintiff was not entitled to recover. He found that the complaint was wholly without support, and held, as a matter of law, that the plaintiff was not entitled to recover, and so instructed the jury. This judgment is entirely in accordance with our own views, and it is therefore affirmed

Department No. 1.                    *Affirmed.*